**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00032-CV**

_____

**IN RE ENTERPRISE BEAUMONT MARINE WEST, LP F/K/A OILTANKING BEAUMONT PARTNERS, LP AND ENTERPRISE BEAUMONT MARINE WEST GP, LLC F/K/A OILTANKING BEAUMONT GP, LLC**

**Original Proceeding**
**172nd District Court of Jefferson County, Texas**
**Trial Cause No. E-194,114**

**MEMORANDUM OPINION**

In this mandamus proceeding, Relators, Enterprise Beaumont Marine West, LP f/k/a Oiltanking Beaumont Partners, LP and Enterprise Beaumont Marine West GP, LLC f/k/a Oiltanking Beaumont GP, LLC, contend the judge of the 172nd District Court of Jefferson County abused its discretion by striking their responsible-third-party designation of AmSpec Services, LLC, the former

1

employer of the plaintiff and Real Party in Interest, Michael Stelly. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2015).

Stelly worked for AmSpec as an inspector on Oiltanking's premises. In August 2012, Stelly injured his right shoulder while gauging samples of a shore tank. Stelly's personal physician signed his return to work excuse with the notation, "Light duty, no climbing[.]" Approximately six weeks later, Stelly allegedly injured his back and shoulder while traversing a platform that Oiltanking used as a gangway to connect a barge to the dock. Relators argued to the trial court that Stelly's alleged shoulder injury was not caused by the fall. Further, Relators argued that AmSpec knew Stelly was on medical restrictions and breached its duty to Stelly by allowing him to work as an inspector on a barge after Stelly's doctor restricted him to light duty with no climbing.

Section 33.004 of the Texas Civil Practice and Remedies Code provides that "[a]fter an adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(l). Once a motion to strike is filed, the trial court "shall grant" the motion "unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated

person's responsibility for the claimant's injury or damage." *Id*. Under this standard, a defendant has the burden to produce sufficient evidence—that is, more than a scintilla of evidence—for a reasonable jury to hold the third party responsible for at least a portion of the plaintiff's injury or damage. *See In re Transit Mix Concrete & Materials Co.*, No. 12-13-00364-CV, 2014 WL 1922724, at *3 (Tex. App.—Tyler May 14, 2014, orig. proceeding) (mem. op.).

Relators argue sufficient evidence raises a genuine issue of fact as to AmSpec's responsibility for Stelly's fall because there is evidence to show that if AmSpec had assigned Stelly to light duty or restricted him from working as a petroleum inspector on the date of the accident, Stelly would not have been present at Oiltanking's terminal, would not have been on the gangway, and would not have slipped and fallen in the course of his assignment. Stelly argues that Relators offered no evidence that allowing Stelly to work was a proximate cause of his accident, and that the evidence produced by Relators in support of their designation does no more than furnish a condition that made the injury possible. *See IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004).

Having reviewed the petition and the response, including the evidence presented to the trial court, we conclude that Relators have failed to demonstrate

that the trial court clearly abused its discretion by striking the responsible third party designation. We deny the mandamus petition. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.


PER CURIAM


Submitted on March 9, 2016
Opinion Delivered April 14, 2016

Before McKeithen, C.J., Kreger and Horton, JJ.